IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD LEE BODKIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 2:12cv636-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Edward Lee Bodkin ("Bodkin") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I.  INTRODUCTION**

On March 8, 2012, Bodkin pled guilty under a plea agreement to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Following a sentencing hearing on July 10, 2012, the district court sentenced Bodkin to 168 months in prison. Bodkin's plea agreement contained a waiver provision whereby he relinquished the right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. He took no direct appeal.

On July 19, 2012, Bodkin filed this § 2255 motion, asserting the following claims:

1. His counsel rendered ineffective assistance by:

    (a) refusing his requests to "see detailed discovery";

    (b) failing to prepare him to address the district court at sentencing; and

> (c) using "degrading and inflammatory language" in his sentencing memorandum.
>
> 2. The federal prosecutor engaged in misconduct by relying on a "derogatory profile" of him created by the Elmore County Sheriff's Department and the state prosecutor's office.

Doc. No. 1 at 14-16.[1]

After consideration of Bodkin's § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action. References to exhibits ("Ex.") are to exhibits filed by the Government with its response. All page references are to those assigned by CM/ECF.

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

3

the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.     *Refusal of Requests to "See Detailed Discovery"*

Bodkin contends his trial counsel, Donnie W. Bethel, rendered ineffective assistance of counsel by refusing his "multiple requests" to "see detailed discovery" in his case before he signed the plea agreement. Doc. No. 1 at 14. Without elaborating, he claims that the denial of access to such information prevented him from preparing his defense. *Id*.

In his § 2255 motion, Bodkin does not specify the discovery he was prevented from

seeing. However, in an affidavit filed with this court, attorney Bethel indicates that the material Bodkin wished to see was the actual child pornography he was charged with receiving. Doc. No. 5. Bethel states that although he reviewed all discovery with Bodkin, he explained to Bodkin it was not possible for him to review the child pornography itself, because it constituted contraband and was not discoverable. *Id*.

Title 18 U.S.C. § 3509 provides, in pertinent part:

(m) Prohibition on Reproduction of Child Pornography.–

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m). "The manifest purpose of § 3509(m) is to prevent the unauthorized release and redistribution of child pornography that law enforcement officers and the government have gathered for use in a criminal trial. The plain language of the statute

requires that the child pornography remain in the "care, custody, and control" of the court or the government at all times." *United States v. Johnson*, 456 F.Supp.2d 1016, 1017 (N.D. Iowa 2006).

Bethel does not say whether he explained to Bodkin that, consistent with 18 U.S.C. § 3509(m), arrangements could be made for him to examine the child pornography that he was charged with receiving. However, it is not clear from Bodkin's cursory allegations whether he wished to review copies of the material as part of discovery, which is proscribed by § 3509(m), or if he was willing to review the material at a Government facility while the material remained under the control of the Government. In any case, Bodkin fails to explain how Bethel's allegedly preventing him from reviewing the child pornography he was charged with receiving hindered him from preparing his defense. He makes no claim that the material in question was not child pornography, or that he was unaware of the evidence that the Government had against him. Bodkin's threadbare allegations here do not establish that Bethel acted unreasonably in refusing his requests to review the material in question, or that he was prejudiced by Bethel's performance. *See Strickland v. Washington*, 466 U.S. 668, 689 & 694 (1984); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Consequently, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 2. *Failure to Prepare Bodkin to Address Court at Sentencing*

Bodkin next claims that Bethel was ineffective for failing to prepare him to address

6

the court at his sentencing hearing. Doc. No. 1 at 14-15. He complains that Bethel deleted most of an "explanatory/regrets letter" he had prepared to give to the district judge before sentencing, overriding, he says, his "last venue for self-defense." *Id*. at 14. He also complains that Bethel failed to present the court with a written report he had prepared regarding the "unsafe and unsanitary conditions" of the city jail where he was held before sentencing. *Id*. at 14-15.

> Addressing Bodkin's allegations, Bethel states:
>
> > I met with Petitioner prior to the Sentencing Hearing to review the statement that he had prepared for the Court. I explained to Petitioner which portions of the statement were appropriate to present to the Court and which portions were not appropriate. I did explain to Petitioner that, despite my advice, he had the right to make any statement to the Court that he wished.

Doc. No. 5 at 2.

Bodkin does not specify the material Bethel deleted from his "explanatory/regrets letter." The deleted material may well have been inappropriate to present to the court. Bodkin acknowledges that Bethel told him, at least a day prior to sentencing, that he could speak at sentencing. *See* Doc. No. 1 at 14. Bodkin did address the court at the sentencing hearing, where he apologized for "the activities which bring[ ] us here," discussed his health issues, complained of the poor conditions in the city jail, and asked that he be placed in a prison in a warm climate. Ex. 6 at 8-11. Bethel elaborated on Bodkin's claims about the poor conditions in the city jail and argued that such conditions were particularly onerous for people who, like Bodkin, are elderly and have health problems. *Id*. at 11-13. Bethel stated

7

that he wanted to bring these matters to the court's attention for its consideration in assessing a sentence for Bodkin. *Id*. at 13.

Here, the record reflects that Bethel advised Bodkin of his right of allocution and that Bodkin invoked that right and addressed the court at sentencing. Bodkin specifies no matters that he was prevented from pointing out to the court because of Bethel's deletions to the "explanatory/regrets letter," and the record demonstrates that both Bodkin and Bethel brought the issue of poor conditions in the city jail to the court's attention, describing those conditions in detail, and that Bethel asked the court to consider those poor conditions when fashioning Bodkin's sentence. Bodkin fails to demonstrate deficient performance by Bethel or that he was prejudiced by Bethel's performance. Consequently, he is not entitled to relief based on this claim of ineffective assistance of counsel.

### 3. *"Degrading and Inflammatory Language" in Sentencing Memorandum*

Bodkin contends that Bethel used "degrading and inflammatory language" in his sentencing memorandum filed with the court before sentencing, amounting to ineffective assistance of counsel. Doc. No. 1 at 15. In particular, Bodkin objects to Bethel's statement in the sentencing memorandum that:

> As is the case for many who become involved in child pornography, Mr. Bodkin had no intention of seeking out child pornography, but *received some unsolicited*.

8

Case No. 2:11cr196, Doc. No. 48 at 1 (emphasis added).[2]  According to Bodkin, this statement in the sentencing memorandum "is not only degrading and inflammatory but is an OVERT display of 'profiling.'"  Doc. No. 1 at 15

The above-quoted language from the sentencing memorandum is neither degrading nor inflammatory. It amounted to a professionally reasonable attempt by Bethel to humanize his client and mitigate his offense by suggesting that he did not set out to commit a crime. Further, Bodkin demonstrates no reasonable likelihood that this language in the sentencing memorandum adversely affected the outcome in his case. Consequently, Bodkin is not entitled to relief based on this allegation of ineffective assistance of counsel.

C.   **Prosecutorial Misconduct**

Bodkin alleges that the federal prosecutor engaged in misconduct by relying on a "derogatory profile" of him created by the Elmore County Sheriff's Department and the state prosecutor's office.  Doc. No. 1 at 15.  Bodkin does not identify the "derogatory profile" or its contents, or explain how it was used or relied upon by the federal prosecutor.[3]  His vague allegations lack the specificity required to entitle him to collateral relief.  Consequently, this

---

[2] This court quotes the actual language from the sentencing memorandum prepared by Bethel. In his § 2255 motion, Bodkin excludes the italicized language and alleges, incorrectly, that the sentencing memorandum states that he "began by exploring adult pornography."  *See* Doc. No. 1 at 15.

[3] In the Government's response to this claim, counsel for the United States avers that he is unaware of any such profile and that, "in any event, counsel relied at sentencing solely and entirely on the facts contained in the Presentence Investigation Report – facts to which the parties stipulated." Doc. No. 6 at 10-11.

9

claim is due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bodkin be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 22, 2015**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 8th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE